UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA ANN HUDSON,<br><br>               Plaintiff,<br>   v.<br><br>STATE OF WASHINGTON et al.,<br><br>               Defendants. | CASE NO. 2:25-cv-00404-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

      This case arises from Plaintiff Maria Ann Hudson's claims regarding the alleged sex trafficking of her daughter. *See generally* Dkt. No. 6 (Amended Complaint). This matter is before the Court on its own motion. Having reviewed Plaintiff's Amended Complaint (Dkt. No. 6), the Court finds that Plaintiff fails to state a claim upon which relief may be granted and therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Amended Complaint with leave to file a second amended complaint.

      On March 6, 2025, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP status was granted, but U.S. Magistrate

1  Judge Brian A. Tsuchida recommended review under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4.
2  Plaintiff's complaint was subsequently filed on the docket (Dkt. No. 5), and she filed the
3  Amended Complaint on March 31, 2025 (Dkt. No. 6).
4        The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute,
5  the Court must dismiss a case if the IFP Plaintiff fails to state a claim upon which relief may be
6  granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th
7  Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by
8  prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under 28
9  U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil
10 Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014)
11 (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual
12 allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*,
13 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must provide sufficient factual details in the
14 complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550
15 U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se* (without an attorney), courts must
16 construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir.
17 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not
18 supply essential elements of the [*pro se*] claim that were not initially pled." *E.g.*, *Henderson v.*
19 *Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation
20 omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019)
21 ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*,
22 809 F.2d 1446, 1448 (9th Cir. 1987))).
23       Here, Plaintiff's Amended Complaint lacks sufficient factual detail to plausibly state a
24 claim. Plaintiff specifically asserts federal question jurisdiction under 42 U.S.C. § 1983, which

allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." First, Plaintiff claims, without providing any supporting details, that Defendants "acted in concert, conspiracy and frauds and with malice with other government agencies to deprive by the anti-literacy Jim Crow school to prison sex trafficking pipeline and through state and local laws equivalent to each respective corresponding federal statutes, services and supports including educational case in Washington State educational laws." Dkt. No. 6 at 5 (cleaned up); *see also id.* at 6, 8–17 (asserting the same against each Defendant). However, Plaintiff does not provide any factual details as to the alleged conspiracy or fraud committed by Defendants or the details of what Plaintiff asserts is the "Antiliteracy Jim Crow Sex Trafficking School to Prison Pipeline" (*see id.* at 18). *See generally* Dkt. No. 6. Without additional factual details, Plaintiff's conclusory statements are insufficient to state a claim for relief.

To state a plausible claim for relief in federal court, a Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* Here, Plaintiff primarily lists the statutes[1] she alleges Defendants acted in violation of, without any description of the facts underpinning those alleged violations. The Court, therefore, FINDS that Plaintiff fails to state a plausible claim for relief under 42 U.S.C. § 1983. For this reason, the Court must dismiss Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court will therefore GRANT Plaintiff leave to file a second amended complaint in this case that sufficiently "pleads factual content,"

---

[1] The Court reminds Plaintiff that a Section 1983 claim must be based on a violation of the Constitution or a federal law, not state laws.

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 3

*Iqbal*, 556 U.S. at 672, to state a plausible claim for relief. If Plaintiff fails to file a second amended complaint by the deadline or if the second amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

Accordingly, this case is DISMISSED without prejudice. However, the Court GRANTS Plaintiff leave to amend her complaint within **30 days** of this Order. Therefore, any amended complaint is due by **July 3, 2025. If Plaintiff fails to file a second amended complaint by July 3, 2025, her case** SHALL **be dismissed.**

Dated this 3rd day of June 2025.

Tana Lin
United States District Judge