UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA ANN HUDSON,<br><br>      Plaintiff,<br> v.<br><br>STATE OF WASHINGTON et al.,<br><br>      Defendants. | CASE NO. 2:25-cv-00404-TL<br><br>ORDER OF DISMISSAL |

  This case arises from Plaintiff Maria Ann Hudson's claims regarding the alleged sex trafficking of her daughter, abuse of her daughter, and general enabling and cover up of abuse by Defendants. *See generally* Dkt. No. 18 (Third Amended Complaint ("TAC")). This matter is before the Court on its own motion. Having reviewed Plaintiff's TAC and the relevant record, the Court finds that Plaintiff fails to state a claim upon which relief may be granted and therefore DISMISSES Plaintiff's Third Amended Complaint.

//

//

I.     BACKGROUND

On March 6, 2025, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP status was granted, but U.S. Magistrate Judge Brian A. Tsuchida recommended that this Court review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4. Plaintiff's complaint (Dkt. No. 5) was subsequently filed on the docket, and on March 31, 2025, she filed an Amended Complaint (Dkt. No. 6).

On June 3, 2025, following the Court's review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court determined that Plaintiff had failed to state a claim upon which relief could be granted and dismissed Plaintiff's complaint with leave to amend. Dkt. No. 9. The Court determined that while Plaintiff alleged that Defendants had

> acted in CONCERT, CONSPIRACY AND FRAUDS and with malice with other government agencies to deprive BY THE ANTI-LITERACY JIM CROW SCHOOL TO PRISON SEX TRAFFICKING PIPELINE AND THROUGH STATE AND LOCAL LAWS EQUIVALENT TO EACH RESPECTIVE CORRESPONDING FEDERAL STATUTES, SERVICES AND SUPPORTS INCLUDING EDUCATIONAL CASTE [*sic*] IN WASHINGTON STATE EDUCASTIONAL [*sic*] LAWS

(Dkt. No. 6 at 5), the allegations were not supported by factual details as to the alleged conspiracy, or what Plaintiff asserted was the "Antiliteracy Jim Crow Sex Trafficking School to Prison Pipeline." Dkt. No. 9 at 3.

On July 3, 2025, Plaintiff filed a Second Amended Complaint("SAC"). Dkt. No. 11. On August 20, 2025, the Court dismissed the SAC with leave to amend. Dkt. No. 12. Like the Amended Complaint, Plaintiff's SAC also lacked sufficient factual detail to plausibly state a claim. *See* Dkt. No. 11. Plaintiff included over 100 pages of exhibits to support her claims. *Id*. The Court determined, however, that none of the exhibits to the SAC articulated factual content that would allow the Court to draw reasonable inference that Defendants had in fact engaged in

the alleged misconduct. Plaintiff relied on her exhibits but failed to tie the contents of those exhibits to the cause(s) of action. Dkt. No. 12 at 4. The Court informed Plaintiff that "[i]t is not clear how the exhibits, which are mostly comprised of Plaintiff's own conclusory accusations of misconduct, support Plaintiff's claims." *Id.* The Court also explained that "the Court will not pick through 'the pleadings and documents on file herein' to locate Plaintiff's claims. *Id.* (citation omitted).

Not only did the Court explain to Plaintiff why it dismissed the Second Amended Complaint, but the Court also provided Plaintiff guidance on what the Court expected for the TAC, as well as links to helpful material for pro se plaintiffs. The Court stated:

> [T]he Court cautions Plaintiff that her Third Amended Complaint must conform to the minimum requirements of Federal Rule of Civil Procedure 8(a) and must be filed in accordance with Local Civil Rule 5.2(a). This means that Plaintiff's Third Amended Complaint must include a *short and plain statement* of the grounds for the Court's jurisdiction, a *short and plain statement* of the legal basis for any of her claims, and a demand for the relief sought. Fed. R. Civ. P. 8(a). All three of these requirements must be met. The Court strongly urges Plaintiff to review the resources for *pro se* litigants available at https://www.wawd.uscourts.gov/representing-yourself-pro-se. The Court especially encourages Plaintiff to review the example complaint template forms available at https://www.wawd.uscourts.gov/court-forms#Pro%20Se.

*Id.* at 5. Plaintiff was thus provided clear instruction from the Court on what Plaintiff needed to include in a TAC.

Additionally, the Court emphasized that it would allow Plaintiff "one final time" to amend the complaint within 30 days of the Court's order. *Id.* The Court noted that, should Plaintiff fail to file a TAC by September 19, 2025, Plaintiff's case would be dismissed. *Id.* On September 22, 2025, Plaintiff filed a Motion for Leave to File Late, requesting she be allowed to file her TAC late. Dkt. No. 13. Plaintiff attached her TAC as an exhibit (Dkt. No. 13-1) to her

Motion for Leave to File Late. The Court granted Plaintiff's Motion for Leave to File Late (Dkt. No. 17), and now reviews the TAC under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    LEGAL STANDARD

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the IFP Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must provide sufficient factual details in the complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds pro se (without an attorney), courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

//

//

III.    DISCUSSION

A.    **Failure to State a Claim**

Similar to Plaintiff's Amended Complaint and SAC, Plaintiff fails to state a plausible claim in her TAC. Plaintiff's TAC lists a series of laws she believes have been violated, then provides a single paragraph stating the facts that she believes support her claims. *See* Dkt. No. 18 at 2–3. The factual statement alleges: "retaliation for protected speech and advocacy"; "intimidation through threat of force"; "unlawful searches, seizures, and forced evaluations"; "cruel and unusual punishment through forced isolation and misdiagnosis"; and "involuntary servitude and peonage via school-to-prison/trafficking pipeline," among other claims. *Id*. at 2. Even construing the complaint liberally due to Plaintiff's pro se status, *see Johnson*, 653 F.3d at 1011, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. The factual statement simply provides conclusory statements without any actual factual details.

On October 15, 2024, Plaintiff filed a motion for a temporary restraining order ("TRO"). Dkt. No. 21. In support of her motion, Plaintiff filed a 94-page exhibit. Dkt. No. 22. Although a complaint must stand on its own, the Court reviewed the exhibits out of an abundance of caution given that Plaintiff is proceeding without an attorney. The exhibits include: a letter from Bellevue Police Department that responds to, but does not provide any details of, a complaint Plaintiff submitted (Dkt. No. 22 at 1); an Evergreen Health After Visit Summary showing Plaintiff's daughter went to the doctor for a head injury but does not provide detail as to *how* the injury occurred (Dkt. No. 22 at 2–3); a request by Plaintiff for her daughter's part-time attendance in school, without details as to why the request was made (Dkt. No. 22 at 4–5); a release of information to Northwest Justice Project (Dkt. No. 22 at 6); medical documents,

//

//

evaluations, and reports that outline Plaintiff's daughter's medical history (Dkt. No. 22 at 7–59); and various school, court, and unrecognizable[1] documents.

The exhibits do not help the Court determine what facts might support the misconduct Plaintiff alleges in her TAC. For example, Plaintiff includes a psychological evaluation report dated September 2, 2022 (Dkt. No. 22 at 17–46), and although it outlines a history of Plaintiff's daughter's mental health, as well as home, school, and general life experiences, it does not outline facts supporting that Defendants committed "retaliation for protected speech and advocacy"; "intimidation through threat of force"; "unlawful searched, seizures, and forced evaluations"; "cruel and unusual punishment through forced isolation and misdiagnosis"; or "involuntary servitude and peonage via school-to-prison/trafficking pipeline."

To state a plausible claim for relief in federal court, a Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, as the Court has twice warned Plaintiff (Dkt. No. 9 at 3, Dkt. No. 12 at 4), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Iqbal*, 556 U.S. at 678. In the TAC, Plaintiff only relies on recitals of the elements of causes of action supported by nothing other than one paragraph of conclusory statements. Nor does Plaintiff tie any part of the content of the exhibits she provided to the causes of action. As the Court also previously explained to Plaintiff (*see* Dkt. No. 12 at 4–5), the Court will not pick through "the pleadings and documents on file herein" to locate Plaintiff's claims. *See Replenium Inc. v. Albertsons Cos., Inc.*, No. C24-1281, 2025 WL 460057, at *7 (W.D. Wash. Feb. 11, 2025) (rejecting arguments where "Defendant frequently gesture[d] at entire documents and ma[de] sweeping assertions

---

[1] For example, Plaintiff attached photos and other documents that are too blurry to review. Dkt. No. 22 at 76–81.

about their content[]—without pincites [or] any meaningful explanation of how any particular content[] map[ped] onto" the issues before the court). Judges are not "archaeologists searching for treasure." *Krause v. Nev. Mut. Ins. Co.*, No. C12-342, 2014 WL 99178, at *2 (D. Nev. Jan. 3, 2014) (citation omitted); *see also United States v. Osborne*, No. 20-10404, 2022 WL 264555, at *2 (9th Cir. Jan. 28, 2022) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994))). Critically, "[j]udges need not paw over files without assistance from the parties." *Orr v. Bank of Am.*, 285 F.3d 764, 775 (9th Cir. 2002) (quoting *Huey v. United Parcel Serv., Inc.*, 165 F.3d 1084, 1085 (7th Cir. 1999)).

The Court, therefore, FINDS that Plaintiff fails to state a plausible claim for relief under 42 U.S.C. § 1983. For this reason, the Court must dismiss Plaintiff's Third Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Courts will typically allow pro se plaintiffs to amend their complaints in lieu of dismissal unless amendment would be futile because no set of facts can cure the deficiencies. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). However, the Court has allowed Plaintiff to amend her complaint twice now (*See* Dkt. Nos. 9, 12), with clear direction as to how and why prior complaints failed to state a claim, direction to court rules Plaintiff must follow when filing a complaint, and resources for pro se plaintiffs.

B.     **Motion to Appoint Counsel**

Plaintiff also filed a Motion to Appoint Counsel. Dkt. No. 15. This request is moot, because the Court will be dismissing Plaintiff's complaint. However, even if the request were not moot, the Court would deny Plaintiff's motion. While the Court recognizes the challenges faced by pro se litigants in preparing a case without legal counsel and acknowledges Plaintiff's situation, "[g]enerally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel).

Pursuant to 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent civil litigants under "exceptional circumstances." *Palmer*, 560 F.3d at 970. Exceptional circumstances exist where (1) a pro se plaintiff establishes a likelihood of success on the merits; and (2) the complexity of the legal issues involved would impede the *pro se* litigant's ability to present the case. *Id.*; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff does not provide sufficient factual details in the TAC to state a claim that is plausible. Consequently, the Court cannot determine that Plaintiff has established a likelihood of success on the merits.

### C. Motion for Temporary Restraining Order and Special Master Appointment

On October 15, 2025, Plaintiff filed a Motion for Temporary Restraining Order and Special Master Appointment. Dkt. No. 21. That request is also moot, because the Court is dismissing Plaintiff's complaint.

### IV. CONCLUSION

Accordingly, the Court ORDERS as follows:

(1) Plaintiff's Third Amended Complaint (Dkt. No. 18) is DISMISSED WITH PREJUDICE.

(2) Plaintiff's Motion to Appoint Counsel (Dkt. No. 15) is DENIED AS MOOT.

(3) Plaintiff's Motion for Temporary Restraining Order and Special Master Appointment (Dkt. No. 21) is DENIED AS MOOT.

Dated this 21st day of October, 2025.

Tana Lin
United States District Judge